**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| _____ | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. _____** |
| | ) | |
| **v.** | ) | |
| | ) | **Judge _____** |
| **DELEK REFINING, LTD.** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

# CONSENT DECREE

Plaintiff, the United States of America, on behalf of the United States Environmental

Protection Agency ("EPA"), filed a Complaint against Defendant, Delek Refining, Ltd.,

contemporaneously with the lodging of this Consent Decree.  The Complaint alleges that

Defendant is civilly liable for violations of Sections 112(r)(1) and 112(r)(7)(E) of the Clean Air

Act ("CAA"), 42 U.S.C. §§ 7412(r)(1) and 7412(r)(7)(E), and the Chemical Accident Prevention

Provisions promulgated at 40 C.F.R. Part 68 (the "Risk Management Program" regulations).

The alleged violations relate to acts and omissions surrounding a pipe rupture and fire that

occurred at Defendant's petroleum refinery located at 1702 East Commerce Street in Tyler,

Texas, on November 20, 2008.  Pursuant to Section 113(b)(2) of the CAA, 42 U.S.C.

§ 7413(b)(2), the United States seeks assessment of civil penalties and injunctive relief based on

Defendant's alleged violations of Section 112(r) of the Act and the Risk Management Program

regulations.

1

Defendant does not admit any fact or liability to the United States arising out of the allegations in the Complaint.

The Parties recognize, and the Court by entering this Consent Decree finds, that this Consent Decree has been negotiated by the Parties in good faith and will avoid litigation between the Parties on the claims addressed in the Consent Decree, and that this Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, before taking testimony and without adjudication or admission of any issue of fact or law except as provided in Section I, below, and with the consent of the Parties, IT IS HEREBY ADJUDGED, ORDERED, AND DECREED as follows:

## I. JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of this action pursuant to 42 U.S.C. § 7413(b) and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.  The Court has personal jurisdiction over the Parties to this Consent Decree.

2.      Venue is proper in this district pursuant to 42 U.S.C. § 7413(b) and 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1395 because Defendant resides and is doing business within this judicial district at its refinery in Tyler, Smith County, Texas, because the actions giving rise to the violations alleged in the Complaint occurred in this judicial district, and because Defendant may otherwise be found in this judicial district.

3.      For purposes of this Decree, or any action to enforce this Decree, Defendant consents to the Court's jurisdiction over this Decree and over Defendant, and consents to venue in this judicial district.

## II.  APPLICABILITY

4.      The obligations of this Consent Decree apply to and are binding upon the United States and upon Defendant and any successors, assigns, or other entities or persons otherwise bound by law.

5.      No transfer of ownership or operation of the Facility shall relieve Defendant of its obligation to ensure that the terms of the Decree are implemented.

6.      In any action to enforce this Consent Decree, Defendant shall not raise as a defense the failure by any of its officers, directors, employees, agents, or contractors to take any actions necessary to comply with the provisions of this Consent Decree.

## III.  DEFINITIONS

7.      Terms used in this Consent Decree that are defined in the CAA, or in regulations promulgated thereunder, shall have the meanings assigned to them in the Act or such regulations, unless otherwise provided in this Decree.  Whenever the terms set forth below are used in this Consent Decree, the following definitions shall apply:

a.      "Complaint" shall mean the complaint filed by the United States in this action.

b.      "Consent Decree" or "Decree" shall mean this document.

c.      "Day" shall mean a calendar day unless expressly stated to be a working day.  In computing any period of time under this Consent Decree, the rules set forth in Rule 6(a) of the Federal Rules of Civil Procedure shall be followed.

d.      "Defendant" shall mean Delek Refining, Ltd.

e.      "Effective Date" shall have the definition provided in Section X.

3

f.      "EPA" shall mean the United States Environmental Protection Agency

and any of its successor departments or agencies.

g.      "Facility" shall mean Defendant's petroleum refinery located at 1702 East

Commerce Street in Tyler, Texas.

h.      "Paragraph" shall mean a portion of this Decree identified by an Arabic

numeral.

i.      "Parties" shall mean the United States, on behalf of EPA, and Defendant

Delek Refining, Ltd.

j.      "Plaintiff" shall mean the United States, on behalf of EPA.

k.      "Section" shall mean a portion of this Decree identified by a Roman

numeral.

l.      "United States" shall mean the United States of America.

### IV.  CIVIL PENALTY

8.      Payment shall not be made until entry of this Consent Decree.  Within thirty (30)

Days after the Effective Date of this Consent Decree, Defendant shall pay to the United States

the sum of four hundred seventy-five thousand dollars ($475,000.00), plus interest, as a civil

penalty.  Interest shall accrue from the date on which this Decree is lodged with the Court, at the

rate specified in 28 U.S.C. § 1961, as of the date of lodging.

9.      Defendant shall pay the civil penalty due by FedWire Electronic Funds Transfer

("EFT") to the U.S. Department of Justice in accordance with written instructions to be provided

to Defendant, following lodging of the Consent Decree, by the Financial Litigation Unit of the

U.S. Attorney's Office for the Eastern District of Texas.  The payment shall reference the Civil

Action Number assigned to this case and DOJ Number 90-5-2-1-08279/1 and shall specify that the payment is made toward CAA civil penalties to be deposited into the United States Treasury.

10.     Defendant shall not deduct or capitalize the civil penalty paid under this Section in calculating its federal income tax.

## V.  <u>INJUNCTIVE RELIEF</u>

11.     Defendant has modified its Risk Management Program Plan to re-designate the Saturated Gas Unit and the Naptha Hydrotreater Unit as Program 3 units under the Risk Management Program regulations and shall maintain their status as Program 3 units.

12.     Within 60 Days of the Effective Date, Defendant shall update its written procedures for corrosion under insulation and conduct training on the updated procedures. Within 75 Days of the Effective Date, Defendant shall provide notice to the United States, in accordance with Section IX (Notices), that the written procedures have been updated and that the training has been completed.

## VI.  <u>STIPULATED PENALTIES</u>

13.     If Defendant fails to pay the civil penalty and interest required under Section IV (Civil Penalty) when due, or fails to timely complete the injunctive relief in Paragraph 12, Defendant shall pay a stipulated penalty of twenty-five hundred dollars ($2,500) per Day for each Day for which Defendant is in noncompliance.  Late payment of a civil penalty and payment of any stipulated penalties shall be made in accordance with payment instructions in Section IV above.  All transmittal correspondence shall state that any such payment is for late payment of the civil penalty due under this Consent Decree or for stipulated penalties, as applicable.  For all payments of stipulated penalties to the United States, Defendant shall

reference the Civil Action Number assigned to this case and DOJ Number 90-5-2-1-08279/1 and shall specify that the payments are for stipulated penalties to be deposited into the United States Treasury.

14.     Stipulated penalties under this Section shall begin to accrue on the Day after performance is due and shall continue to accrue until performance is satisfactorily completed. Stipulated penalties shall accrue simultaneously for separate violations of this Consent Decree.

15.     Defendant shall pay any stipulated penalty within thirty (30) Days of receiving a written demand.

16.     The United States may, in the unreviewable exercise of its discretion, reduce or waive stipulated penalties otherwise due under this Consent Decree.

17.     Defendant shall not deduct stipulated penalties paid under this Section in calculating federal income tax.

18.     If Defendant fails to pay stipulated penalties according to the terms of this Consent Decree, Defendant shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendant's failure to pay any stipulated penalties.

19.     Subject to the provisions of Section VII of this Consent Decree (Effect of Settlement/Reservation of Rights), the stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendant's violation of this Consent Decree.

## VII.  <u>EFFECT OF SETTLEMENT/RESERVATION OF RIGHTS</u>

20.     This Consent Decree resolves the civil penalty and injunctive relief claims of the United States for: (1) the violations alleged in the Complaint; (2) violations of 40 CFR § 68.79 alleged in the Complaint that continued up to Delek's 2009 Risk Management Program compliance audit; (3) violations of Section 112(r)(1) of the Act and 40 CFR § 68.65 alleged in the Complaint relating to the location of control rooms that continued up to June 2010; (4) violations of 40 CFR § 68.73(b) and (c) relating to corrosion under insulation that occurred up to the date provided in Paragraph 12; (5) violations of 40 CFR § 68.81 related to the November 20, 2008 incident; (6) violations of 40 CFR § 68.67 and 68.69(c) that occurred prior to March 1, 2013; (7) violations of Sections 112(r)(1) of the Act and the Risk Management Program regulations that occurred up to the date of lodging of the Consent Decree as a result of the Saturated Gas Unit and Naptha Hydrotreater (NHT) not being designated as Program 3 covered processes prior to the date of lodging.

21.     The United States reserves all legal and equitable remedies available to enforce the provisions of this Consent Decree.  This Consent Decree shall not be construed to limit the rights of the United States to obtain penalties or injunctive relief under the Act or implementing regulations, or under other federal laws, regulations, or permit conditions, for claims not resolved as provided in Paragraph 20.

22.     In any subsequent administrative or judicial proceeding initiated by the United States, Defendant shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States

7

in the subsequent proceeding were or should have been brought in the instant case, except with respect to the claims that have been specifically resolved pursuant to Paragraph 20 of this Section.  Defendant reserves any and all defenses not specifically addressed in this Paragraph.

23.     This Consent Decree is not a permit, or a modification of any permit, under any federal, state, or local laws or regulations.  Defendant is responsible for achieving and maintaining complete compliance with all applicable federal, state, and local laws, regulations, orders, and permits.  The United States does not, by its consent to the entry of this Decree, warrant or aver in any manner that Defendant's compliance with any aspect of this Consent Decree will result in compliance with provisions of the CAA or with any other provisions of federal, state, or local laws, regulations, orders, or permits.

24.     This Consent Decree does not limit or affect the rights of Defendant or of the United States against any third parties that are not party to this Consent Decree, nor does it limit the rights of third parties that are not party to this Consent Decree against Defendant, except as otherwise provided by law.  This Consent Decree shall not be construed to create rights in, or grant any cause of action to, any third party not party to this Consent Decree.

25.     Defendant hereby covenants not to sue and agrees not to assert any claims related to the violations alleged in the Complaint against the United States pursuant to the CAA, or any other federal law, state law, or regulation for acts or omissions through the date of lodging of the Consent Decree.

## VIII.  <u>COSTS</u>

26.     The Parties shall bear their own costs related to this Consent Decree for civil penalties, including attorneys' fees, except the United States shall be entitled to collect costs

8

(including attorneys' fees) incurred in any action necessary to enforce this Consent Decree.

## IX.  **NOTICES**

27.     Unless otherwise specified herein, whenever notifications, submissions, reports, or communications are required by this Consent Decree, they shall be made in writing and addressed to all parties as follows:

As to the United States:

     As to the U.S. Department of Justice:

          Chief (re: DJ # 90-5-2-1-08279/1)
          Environmental Enforcement Section
          Environment and Natural Resources Division
          U.S. Department of Justice
          P.O. Box 7611
          Washington, DC  20044-7611

     As to EPA Region 6:

          Marie Stucky
          RMP Enforcement Coordinator
          U.S. Environmental Protection Agency, Region 6
          1445 Ross Avenue, Suite 1200
          Dallas, TX 75202-2733
          stucky.marie@epa.gov

          Jacob Gallegos
          Assistant Regional Counsel
          U.S. Environmental Protection Agency, Region 6
          1445 Ross Avenue, Suite 1200, 6RC-EA
          Dallas, TX 75202-2733
          gallegos.jacob@epa.gov

As to Defendant:

          Kent Thomas, Esquire
          Delek US Holdings, Inc.
          7102 Commerce Way
          Brentwood, TN 37027

Michael Norman
Delek Refining, Ltd.
7102 Commerce Way
Brentwood, TN 37027
mike.norman@delekus.com

LeAnn Johnson Koch
Perkins Coie, LLP
700 13th Street, NW
Washington, DC 20005
leannjohnson@perkinscoie.com

28.     Any Party may, by written notice to the other Party, change its designated notice recipient or notice address provided above.

29.     Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

## X.  EFFECTIVE DATE

30.     The Effective Date of this Consent Decree shall be the date upon which this Consent Decree is entered by the Court or a motion to enter the Consent Decree is granted, whichever occurs first, as recorded on the Court's docket.

## XI.  RETENTION OF JURISDICTION/TERMINATION

31.     The Court shall retain jurisdiction over this case for the purpose of effectuating or enforcing compliance with the terms of this Decree.

32.     This Consent Decree will terminate automatically upon the payment by Defendant of the Civil Penalty required under Paragraph 8, completion of the injunctive relief under Paragraph 12, and payment of any applicable stipulated penalties.

## XII.  **PUBLIC PARTICIPATION**

33.     This Consent Decree shall be lodged with the Court for a period of not less than thirty (30) Days for public notice and comment.  The Parties agree and acknowledge that final approval by the United States and entry of this Consent Decree is subject to notice of lodging of the Consent Decree and a public comment period.  The United States reserves the right to withdraw or withhold consent to entry of the Consent Decree if the comments disclose facts or considerations which indicate that the Consent Decree is inappropriate, improper, or inadequate.

34.     Defendant agrees not to oppose entry of this Consent Decree by the Court or to challenge any provision of the Decree, unless the United States has notified Defendant in writing that it no longer supports entry of the Decree.  Defendant consents to entry of this Consent Decree without further notice except through the Court's electronic case filing system.

## XIII.  **SIGNATORIES/SERVICE**

35.     The Assistant Attorney General, Environment and Natural Resources Division, United States Department of Justice, on behalf of the United States, and the undersigned representative of Defendant certify that he or she is fully authorized to enter into the terms and conditions of this Consent Decree and to execute and legally bind the Party he or she represents to the terms of this Decree.

36.     This Consent Decree may be signed in counterparts, and such counterpart signature pages shall be given full force and effect.

37.     Defendant agrees to accept service of process of the Complaint by mail and to waive the formal service requirements set forth in Rules 4 and 5 of the Federal Rules of Civil Procedure and any applicable Local Rules of this Court including, but not limited to, service of a

11

summons.  All other Court filings will be served through the Court's electronic case filing system.

## XIV.  <u>INTEGRATION</u>

38.     This Consent Decree constitutes the final, complete, and exclusive agreement and understanding among the Parties with respect to the settlement embodied in the Decree and supersedes all prior agreements and understandings, whether oral or written, concerning the settlement embodied herein.  No other document, nor any representation, inducement, agreement, understanding, or promise, constitutes any part of this Decree or the settlement it represents, nor shall it be used in construing the terms of this Decree.

## XV.  <u>FINAL JUDGMENT</u>

39.     Upon approval and entry of this Consent Decree by the Court, this Consent Decree shall constitute a final judgment of the Court as to the United States and Defendant.

Signature Page to Consent Decree in *U.S. v. Delek Refining, Ltd.*

**FOR PLAINTIFF UNITED STATES OF AMERICA:**


SAM HIRSCH
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division


JASON T. BARBEAU
Senior Attorney
United States Department of Justice
Environment and Natural Resources Division
Environmental Enforcement Section
P.O. Box 7611, Ben Franklin Station
Washington, DC 20044


JOHN M. BALES
United States Attorney
Eastern District of Texas


/s/ Thomas E. Gibson

THOMAS E. GIBSON
Assistant United States Attorney
Senior Litigation Counsel
Lead Attorney
Texas State Bar No. 07875450
110 N. College, Suite 700
Tyler, TX  75702
(903) 590-1400
Fax: (903) 590-1436
Email: tom.gibson@usdoj.gov

13

Signature Page to Consent Decree in *U.S. v. Delek Refining, Ltd.*

## FOR PLAINTIFF UNITED STATES OF AMERICA (continued):

JOHN BLEVINS
Director
Compliance Assurance and Enforcement Division
U.S. Environmental Protection Agency, Region 6
1445 Ross Avenue
Dallas, Texas 75202-2733

JACOB GALLEGOS
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6
1445 Ross Avenue, Suite 1200, (6RC-EA)
Dallas, Texas 75202-2733

14

Signature Page to Consent Decree in *U.S. v. Delek Refining, Ltd.*

**FOR DEFENDANT:**

**Delek Refining, Ltd.** by and through its general partner, Delek U.S. Refining GP, LLC

By:      Louis LaBella
         Vice President

Agreed as to form:

LeAnn Johnson Koch
Perkins Coie, LLP
700 13th Street, NW
Washington, DC 20005

15